**Cesar GERVASIO, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 20A03–0702–CR–73.

Court of Appeals of Indiana.

Oct. 9, 2007.

Michael S. Greene, Elkhart, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Cesar Gervasio appeals his sentence for his conviction of conspiracy to commit dealing in methamphetamine weighing three grams or more, a Class A felony, Ind.Code § 35–48–4–1 and § 35–41–5–2; two counts of dealing in a schedule II controlled substance within

1,000 feet of a public park, Class A felonies, Ind.Code § 35–48–4–2; and two counts of dealing in a schedule II controlled substance, Class B felonies, Ind. Code § 35–48–4–2.

We affirm.

### ISSUE

Gervasio presents one issue for our review which we restate as: whether Gervasio's sentence is inappropriate due to the trial court's failure to assign appropriate weight to the mitigating factors.

### FACTS AND PROCEDURAL HISTORY

Gervasio is a bilingual illegal immigrant. These charges stem from his participation in selling drugs for and translating for a drug dealer who does not speak English. As a result of this activity, Gervasio was charged with and pleaded guilty to conspiracy to commit dealing in methamphetamine weighing three grams or more as a Class A felony; two counts of dealing in a schedule II controlled substance within 1,000 feet of a public park as Class A felonies; and two counts of dealing in a schedule II controlled substance as Class B felonies. The trial court sentenced him to 28 years on each Class A felony and to 9 years on each of the Class B felonies, to be served concurrently, for an aggregate sentence of 28 years. Gervasio now appeals this sentence.

### DISCUSSION AND DECISION

As his sole issue on appeal, Gervasio contends that his sentence is inappropriate.[1] Essentially, he avers that the trial court gave insufficient weight to the miti-

---

1. Actually, Gervasio claims that his sentence is manifestly unreasonable. Effective January 1, 2003, Indiana Appellate Rule 7(B) was amended such that we no longer use the manifestly unreasonable standard. The stan-

dard is now whether a defendant's sentence is inappropriate in light of the nature of the offense and the character of the offender. *See* Ind. Appellate Rule 7(B).

gating factors of his lack of criminal record, his plea of guilty, and his expression of remorse when it sentenced him.

■ As an initial matter, we note that just prior to Gervasio's commission of the instant offenses, our state legislature amended Indiana's sentencing scheme with regard to felony offenses, effective April 25, 2005. Under the new sentencing regime, a court may impose any legal sentence "regardless of the presence or absence of aggravating circumstances or mitigating circumstances." Ind.Code § 35–38–1–7.1(d). Although this statute allows for the imposition of any sentence within the statutory range without regard to mitigating or aggravating circumstances, it is worth noting that the statute does not prohibit the trial court from identifying facts in mitigation or aggravation. *Anglemyer v. State*, 868 N.E.2d 482, 489 (Ind. 2007).

■ Our supreme court very recently decided *Anglemyer*, which sets forth definitive answers to numerous sentencing questions that have arisen in the aftermath of the legislative revisions. In the instant case, we are concerned only with the trial court's weighing of mitigating circumstances. Based upon Ind.Code § 35–38–1–7.1(d), the trial court no longer has any obligation to weigh and balance aggravating and mitigating factors. Therefore, the weight or value assigned to any mitigating or aggravating factors that the trial court may properly find is not subject to review for abuse of the trial court's discretion. *Anglemyer*, 868 N.E.2d at 491.

Here, Gervasio argues that the trial court did not assign the proper weight to his lack of criminal record, his plea of guilty, and his expression of remorse when it determined his sentence. However, as stated above, we are prohibited from reviewing the weight assigned to these factors by the trial court. *See Anglemyer,*

*supra.* Nevertheless, we will review the appropriateness of Gervasio's sentence.

■ Under Article VII, Section 6 of the Indiana Constitution, we have the constitutional authority to review and revise sentences. However, we will not revise the sentence imposed unless it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B).

■ With regard to the nature of the offense, the advisory sentence is the starting point in our consideration of an appropriate sentence for the crime committed. *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind.2006). Conspiracy to commit dealing in methamphetamine weighing three grams or more and dealing in a schedule II controlled substance within 1,000 feet of a public park are both Class A felonies. Ind.Code § 35–50–2–4 provides, in pertinent part: "A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty (20) and fifty (50) years, with the advisory sentence being thirty (30) years." In addition, dealing in a schedule II controlled substance is a Class B felony. Ind.Code § 35–50–2–5 provides, in pertinent part: "A person who commits a Class B felony shall be imprisoned for a fixed term of between six (6) and twenty (20) years, with the advisory sentence being ten (10) years." Gervasio pleaded guilty to three Class A felonies and two Class B felonies. The trial court sentenced him to 28 years on each Class A felony, and to 9 years on each of the Class B felonies, to be served concurrently, for an aggregate sentence of 28 years. Each of the sentences that Gervasio received is less than the advisory sentence for that class of felony. Additionally, the nature of Gervasio's offenses involves the sale of very large quantities of drugs.

As to Gervasio's character, we cannot ignore that Gervasio is an illegal alien providing translating services for a drug dealer who does not speak English. However, Gervasio had no criminal history. Letters from his girlfriend, with whom he has fathered children, and members of her family, indicate that Gervasio is a hard worker with a steady work history. The court noted at the sentencing hearing that Gervasio had accepted responsibility for his actions by pleading guilty and that he had expressed remorse for his conduct. The court found these two circumstances to be mitigating and stated that a "substantial" mitigating factor was Gervasio's lack of criminal history. Tr. at 21.

Gervasio's aggregate sentence of twenty-eight (28) years for his conviction of three Class A felonies and two Class B felonies is less than the advisory sentence of thirty (30) years for a single Class A felony. We find that the sentence is not inappropriate in this case.

## CONCLUSION

Based upon the foregoing discussion and authorities, we are prohibited from reviewing the weight the trial court assigned to the factors it found to be mitigating. Moreover, Gervasio's sentence is not inappropriate.

Affirmed.

BAKER, C.J., and NAJAM, J., concur.