## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 20 2015, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kristin A. Mulholland<br>Public Defender<br>Crown Point, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jonte Twan Crawford,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | May 20, 2015<br><br>Court of Appeals Case No.<br>45A03-1409-CR-315<br><br>Appeal from the Lake County Superior Court<br><br>The Honorable Salvador Vasquez, Judge<br><br>Cause No. 45G01-1303-MR-3 |

**Robb, Judge.**

# Case Summary and Issue

[1]     Jonte Crawford entered a plea of guilty to murder, a felony, and robbery, a Class B felony, and was given an aggregate sixty-one year sentence. The sole

issue Crawford raises on appeal is whether the sentence is inappropriate in light of the nature of his character and his offense. Concluding that the sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] The stipulated factual basis[1] for Crawford's guilty plea reveals that on March 17, 2013, seventeen-year-old Crawford, with the assistance of another person, took headphones and a cellphone from Derrick Thompson by force while displaying a handgun. After robbing Thompson, Crawford and three other people encountered Charles Wood and Shaqwone Ham. Upon reaching Wood and Ham, one of the people with Crawford shot Wood in the head. After Wood was shot, Ham started to flee on foot. Crawford then shot and killed Ham. Wood also died from his injuries.

[3] The State charged Crawford with two counts of murder, one count of robbery as a Class B felony, and one count of conspiracy to commit criminal gang activity, a Class D felony. The State also sought a criminal gang sentencing enhancement. On May 15, 2014, Crawford and the State entered a plea agreement according to which Crawford entered pleas of guilty to one count of murder and one count of robbery. In exchange, the State dismissed the

---

[1] The State has included in its brief facts other than those in the stipulated factual basis. Crawford claims in his reply brief that this is improper. Because the facts included in the stipulated factual basis are sufficient for us to review the appropriateness of Crawford's sentence, we express no opinion about the propriety of relying on other facts.

remaining count of murder, the conspiracy to commit criminal gang activity count, and the criminal gang sentencing enhancement. The parties were free to argue sentencing to the trial court but agreed to a maximum sentence of sixty-five total years. Following a sentencing hearing, the trial court ordered Crawford to serve consecutive sentences of fifty-five years for murder and six years for robbery, for a total sentence of sixty-one years. Crawford now appeals.

# Discussion and Decision

## I. Standard of Review

Crawford asks that we find his sixty-one year sentence is inappropriate and revise his sentence to the statutory minimum.[2] This Court will revise a sentence only "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The principal role of Appellate Rule 7(B) review is to attempt to leaven the outliers. *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). "[T]he question . . . is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct.

---

[2] Crawford specifically challenges only his sentence for murder. However, when a sentence is challenged as inappropriate, "appellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011) (citation omitted).

App. 2008) (emphasis in original). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The appellant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. The Sentence Is Not Inappropriate

With regard to the "nature of the offense" portion of our review, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Gervasio v. State*, 874 N.E.2d 1003, 1005 (Ind. Ct. App. 2007). The sentence for murder ranges between forty-five and sixty-five years with an advisory sentence of fifty-five years. Ind. Code § 35-50-2-3(a). The trial court sentenced Crawford to the advisory sentence of fifty-years for the murder of Ham. The sentence for robbery as a Class B felony is six to twenty years with an advisory sentence of ten years. Ind. Code § 35-50-2-5(a). The trial court sentenced Crawford to the minimum sentence of six years for the robbery of Thompson. The sentences were ordered to be served consecutively, an acknowledgement of the harm done to two separate victims. Appellant's Appendix at 87-88 (sentencing order citing Crawford's multiple offenses against distinct victims as an aggravating circumstance favoring imposition of consecutive terms); *see Cardwell*, 895 N.E.2d at 1225 ("Whether the counts involve one or multiple victims is highly relevant to the decision to impose consecutive sentences . . . ."). The aggregate sentence, however, was

still less than the sixty-five year maximum sentence the parties agreed to in the plea agreement.

[6] Crawford's primary argument is that his character does not warrant a sixty-one year sentence. The "character of the offender" analysis involves evaluation of the relevant aggravating and mitigating circumstances and other general sentencing considerations. *Clara v. State*, 899 N.E.2d 733, 735 (Ind. Ct. App. 2009). He asks that we revise his sentence due to his young age, his lack of criminal history, and the fact that he entered a plea of guilty.

[7] Crawford was seventeen when he committed his crimes and had no prior criminal history. However, at seventeen years of age, he was illegally carrying a gun that he used to rob a man at gunpoint and shoot another man as that man tried to run away from the scene of a confrontation. These actions do not reflect a young man of high character. And although our supreme court "has not been hesitant to reduce maximum sentences for juveniles convicted of murder," *Fuller v. State*, 9 N.E.3d 653, 658 (Ind. 2014) (citation omitted) (citing examples), Crawford was not given the maximum sentence. Moreover, a defendant's youth can be a significant mitigating circumstance, but "this is a more powerful factor for a fourteen-year-old defendant than it is for one who is sixteen or seventeen." *Carter v. State*, 711 N.E.2d 835, 842 (Ind. 1999). "There are both relatively old offenders who seem clueless and relatively young ones who appear hardened and purposeful." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind. 2001). Crawford's chronological age alone does not warrant a reduced

sentence, especially not when considered in conjunction with the cold and calculated manner in which he committed his crimes.

[8] The trial court acknowledged Crawford's guilty plea as a mitigating circumstance in crafting his sentence, but we are unconvinced that Crawford's guilty plea reflects particularly well on his character so as to warrant further reduction. He received a substantial benefit by pleading guilty because the State dismissed an additional murder charge, a Class D felony charge of conspiracy to commit criminal gang activity, and a sentencing enhancement that could have added many years to his sentence. *See* Ind. Code § 35-50-2-15 ("[If] the state has proved [criminal gang activity] beyond a reasonable doubt . . . the court shall . . . sentence the person to an additional fixed term of imprisonment equal to the longest sentence imposed for the underlying felonies . . . ."); *see also Wells v. State,* 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (stating that a guilty plea is not necessarily a showing of remorse and "does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one"), *trans. denied.*

[9] In imposing the advisory sentence for murder and the minimum sentence for robbery, the trial court took into consideration Crawford's lack of criminal history and admission of responsibility by pleading guilty. In ordering that these sentences be served consecutively, the trial court acknowledged the seriousness of Crawford's offenses. Crawford has not persuaded us that the

resulting sixty-one year sentence is inappropriate in light of the nature of his offenses and his character.

# Conclusion

Crawford's sixty-one year sentence for murder and Class B felony robbery is not inappropriate in light of the nature of the offenses or Crawford's character. Accordingly, the sentence is affirmed.

Affirmed.

May, J., and Mathias, J., concur.