## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 09 2015, 9:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Tia R. Brewer
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Axton,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

June 9, 2015

Court of Appeals Case No.
27A04-1404-CR-184

Appeal from the Grant Superior Court
The Honorable Dana J. Kenworthy, Judge
Cause No. 27D02-1307-FB-58

**Robb, Judge.**

# Case Summary and Issues

[1]     Following a jury trial, Kevin Axton was convicted of criminal confinement, a Class C felony, for which he was sentenced to eight years; domestic battery, a

Class A misdemeanor, for which he was sentenced to one year; intimidation, a Class D felony, for which he was sentenced to three years; and criminal deviate conduct, a Class B felony, for which he was sentenced to twenty years. The trial court ordered his sentences to be served concurrently, for a total sentence of twenty years, all executed. Axton appeals his sentence, raising two issues for our review: 1) whether the trial court abused its discretion in sentencing him, and 2) whether his sentence is inappropriate in light of the nature of his offenses and his character. Concluding the trial court did not abuse its discretion and Axton's sentence is not inappropriate, we affirm.

## Facts and Procedural History

[2] Axton and his wife, Tammy, returned to the home they sometimes shared early in the evening of July 15, 2013, after smoking crack cocaine at a friend's house. Axton had also been drinking alcohol throughout the day and continued to do so once they arrived home. Axton became angry when he dialed a contact from Tammy's cellphone, thinking he would be calling their friend so he could ask him to bring more beer to the house. Instead, he reached a different man with whom he then accused Tammy of having an affair. Axton spent the next several hours slapping, hitting, and punching Tammy about the head, arms, legs, and torso. He broke her nose and left bruises all over her body. He made her remove her clothes so she could not run away, and he forced her to perform oral sex on him. When that was ultimately unsuccessful because Tammy could not breathe through her broken nose, he pushed her down onto the bed and

engaged in sexual intercourse with her. He repeatedly refused to allow her to leave the house for fear she would call the police. When Axton passed out the next morning, Tammy dressed and fled the house, seeking help at a nearby credit union. Employees there noted her swollen and bloody face, bruises on her body, and her panicked demeanor. Police were called, and Tammy was taken to the hospital by ambulance.

[3] The State charged Axton with criminal confinement, domestic battery, intimidation, and criminal deviate conduct. A jury found him guilty of all charges. At the sentencing hearing, the trial court stated:

> . . . I am going to find the following aggravating factors. First of all, the criminal history as set forth on pages four through eight of the Presentence Investigation Report, that includes O.W.I. from 1985, Possession of Marijuana from 1994, Operating with a BAC of .10 or More in 1996, Domestic Battery, 2006, Intimidation, 2006, Resisting Law Enforcement, 2006, Public Intox., 2007, Intimidation, 2007, Invasion of Privacy, 2008, Trespass and Criminal Mischief, 2008, Intimidation and Trespass, 2007, Battery, 2010, Invasion of Privacy, 2010, Trespass and Resisting Law Enforcement, 2011, Resisting Law Enforcement and Public Intox., 2011, Public Intox., 2012, followed by this case in 2013. I also note multiple probation violations throughout that time period. The criminal history is [sic] this case is an extremely strong aggravating factor. I also find as an aggravator that the harm or injury was greater than the elements necessary to prove the offense. Miss Axton did suffer a broken nose which is greater than the elements necessary to prove the Domestic Battery charge. That, I will find is a moderate aggravating factor. In this case I find no mitigating factors. The aggravators do outweigh the mitigators. I also note that the character of this defendant indicates that he is not a good candidate for probation based upon his disregard of the court's No-Contact Order. His disregard for the rules of probation in the past, and his failure to follow through treatment programs which were offer[ed] to him in the past.

Transcript at 307-09. The trial court sentenced him to eight years executed for criminal confinement, one year executed for domestic battery, three years executed for intimidation, and twenty years executed for criminal deviate conduct, all to be served concurrently for an aggregate sentence of twenty years. Axton now appeals his sentence.

# Discussion and Decision

## I. Abuse of Discretion

[4] "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances. *Id.* The trial court may abuse its discretion in sentencing by:

> (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

*Kimbrough v. State,* 979 N.E.2d 625, 628 (Ind. 2012) (citing *Anglemyer,* 868 N.E.2d at 490-91).

[5] Axton contends the trial court abused its discretion in sentencing him by finding aggravating circumstances which were not supported by the record and

were improper as a matter of law. Specifically, the trial court found as an aggravating circumstance the fact that the harm caused to Tammy was greater than that necessary to prove the elements of domestic battery. Axton challenges this as unsupported by the record. Further, the trial court stated that "[b]ased upon his character, attitudes, and history . . . [Axton] is not a good candidate for probation." Appendix of Appellant's Brief at 12;[1] *see also* Tr. at 308-09. Axton claims the trial court was using this as an aggravating circumstance, which would be improper as a matter of law because the fact that a person is likely to respond *affirmatively* to probation is a statutory *mitigating* circumstance. *See* Ind. Code § 35-38-1-7.1(b)(7). He also claims this is improper because it is a reflection of his criminal history, which was separately identified as an aggravating circumstance.

[6]     Our supreme court has held that the nature and circumstances of a crime can be a valid aggravating factor. *McCann v. State,* 749 N.E.2d 1116, 1120 (Ind. 2001). However, a trial court must give more than a generalized reference to the nature and circumstances of the crime. *See Smith v. State,* 872 N.E.2d 169, 178-79 (Ind. Ct. App. 2007), *trans. denied.* The trial court may assign aggravating weight to the harm, injury, loss, or damage suffered by the victim if such harm was significant and greater than the elements necessary to prove the commission of the offense. *Filice v. State,* 886 N.E.2d 24, 39 (Ind. Ct. App.

---

[1] Appellant's Appendix includes several pages from the transcript. For several years now, Indiana Appellate Rule 50(F) has provided that no portion of the transcript should be reproduced in the appendix because the transcript is transmitted to the court on appeal by the trial court clerk.

2008), *trans. denied.* The trial court here specifically referenced the harm caused to Tammy during the domestic battery, which requires "bodily injury." Ind. Code § 35-42-2-1.3(a). "'Bodily injury' means any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. Here, Tammy testified that she experienced not just physical pain, but also a broken nose, sprained ankle, and bruising all over her body. And not only did Axton inflict bodily injury in excess of pain, but he did so over a prolonged period. Tammy testified that they arrived home at approximately four o'clock in the evening, and she was not able to leave the house until seven o'clock the next morning, with Axton slapping and hitting her much of that time. We hold this aggravating circumstance is clearly supported by the record.

[7] As for the trial court's statement that Axton was not a good candidate for probation, we do not believe the trial court improperly "misused" a statutory mitigating circumstance as an aggravating circumstance, as Axton asserts. *See* Brief of Appellant at 7. The trial court had already announced the aggravating and mitigating circumstances and its weighing of them before it made this statement. The trial court's reference to whether probation was a viable option was merely an explanation as to why the trial court was ordering the sentence to be executed in its entirety. The trial court did not use this as an aggravating circumstance at all, let alone improperly.

[8] In sum, the trial court did not abuse its discretion in its identification of aggravating circumstances when sentencing Axton.

# II. Inappropriate Sentence

Axton also contends his sentence is inappropriate in light of the nature of his offenses and his character. Indiana Appellate Rule 7(B) gives appellate courts the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of Appellate Rule 7(B) review is to attempt to leaven the outliers. *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013). "[T]he question . . . is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The appellant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

With regard to the "nature of the offense" portion of our review, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Gervasio v. State*, 874 N.E.2d 1003, 1005 (Ind. Ct. App. 2007). Because Axton's sentences were ordered to be served concurrently and because we consider the aggregate sentence, *see Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012), we focus on the sentence for criminal deviate conduct, the lengthiest sentence imposed. The statutory

sentencing range for a Class B felony is six to twenty years with an advisory sentence of ten years. Ind. Code § 35-50-2-5(a). The trial court imposed the maximum sentence of twenty years. As noted above, Axton continuously abused his victim over a period exceeding twelve hours, committing multiple offenses against her and causing serious injury. We cannot say his twenty-year sentence is inappropriate in light of the nature of his offenses.

[11] The "character of the offender" analysis involves evaluation of the relevant aggravating and mitigating circumstances and other general sentencing considerations. *Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Although this is Axton's first felony conviction, he has a lengthy criminal record, including former domestic battery and intimidation convictions. Many of his offenses are related to his use and abuse of alcohol, which also played a role in these offenses, yet Axton has never completed substance abuse treatment and reported to the probation department that he did not think he had a problem with alcohol. He has also never been committed to the Department of Correction, instead being placed in county jails or on probation. But he has violated probation on numerous occasions and failed to follow through on rehabilitation programs offered to him. In light of Axton's criminal history— both the number of his offenses and his response to sentencing leniency—and his alcohol abuse, we cannot say his twenty-year executed sentence is inappropriate in light of the nature of his character.

# Conclusion

The trial court did not abuse its discretion in sentencing Axton, and he has not persuaded us that his twenty-year sentence is inappropriate in light of the nature of his offenses or his character. We therefore affirm Axton's sentence.

Affirmed.

May, J., and Mathias, J., concur.