**Manuel CLARA, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 19A04–0806–CR–345.**

Court of Appeals of Indiana.

Jan. 22, 2009.

---

Steven E. Ripstra, Thomas A. Dysert, Jasper, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Manuel Clara appeals his conviction and sentence for intimidation, a Class C felony. We affirm.

### ISSUES

Clara raises two issues, which we restate as:

I. Whether the trial court erred in denying Clara's motion for judgment on the evidence or directed verdict; and

II. Whether the sentence imposed by the trial court was inappropriate.

### FACTS AND PROCEDURAL HISTORY

In November of 2006, Tosha, who was Clara's wife, miscarried and lost their child. Approximately two weeks later, Clara repeatedly called Tosha at work, and Tosha became apprehensive because she could tell that Clara had been drinking. When Tosha arrived home, she observed that Clara had passed out from drinking liquor and was laying in his own vomit, that a burner on the stove was on because Clara had been cooking while drinking, and that the couple's two-year-old son, Leo, was left unattended and was soiled by diarrhea. Tosha cleaned Leo and the vomit, and then awakened Clara.

Clara stumbled about, telling Tosha that he was going to leave and take Leo with him. He yelled at Tosha, blaming her for the miscarriage that resulted in the death of their child. Clara told Tosha that he was going to kill both her and Leo.

Clara subsequently went into the kitchen and grabbed a knife. He jabbed the knife toward Tosha and Leo and threatened to kill them and himself. For approximately two hours, Clara chased and threatened Tosha with various knives. When Tosha tried to leave through one of the dwelling's doors, he used a power tool to screw it shut.

Tosha eventually escaped through another door and flagged down a UPS truck. The two occupants of the truck tried to reason with Clara as he held a knife while following Tosha. Eventually, Tosha and Leo obtained a ride from another person, who took Tosha to a local restaurant and used her cell phone to call the police.

The State charged Clara with one count of attempted aggravated battery, a Class B felony; one count of intimidation, a

Class C felony; and one count of domestic battery, a Class A misdemeanor. The intimidation charge provided that "Clara, did communicate a threat to [Tosha], another person, with the intent that [Tosha] be placed in fear of retaliation for a prior lawful act, to-wit: because [Tosha] had miscarried their child...." Appellant's App. at 12.

A jury trial was held, and at the conclusion of the State's case, Clara moved for a judgment on the evidence/directed verdict. Clara argued with regard to the intimidation count that the miscarriage was not an "act" as contemplated by the statute defining the offense; therefore, the State failed to establish the elements of the offense. The trial court denied the motions, and the jury subsequently found Clara guilty of intimidation, a Class C felony; and criminal recklessness, a Class D felony as a lesser-included offense of battery. The trial court imposed the advisory sentence of 4 years on the intimidation conviction and 1½ years on the latter conviction, with the sentences to be served concurrently. Clara now appeals.

## DISCUSSION AND DECISION

### I. DENIAL OF CLARA'S MOTION

■ Clara contends that the trial court erred in denying his motion for judgment on the evidence/directed verdict pertaining to Class C intimidation, which occurs when a person communicates a threat to commit a forcible felony on another person, with the intent, among other things, "that the other person be placed in fear of retaliation for a prior lawful act." *See* Ind.Code § 35-45-2-1. Clara argues that Tosha's miscarriage was erroneously designated in the charging information and the State's

case as the "act" for which Tosha was placed in fear of retaliation. Specifically, Clara argues that an "act" under the statute must be volitional.

Interpretation of statutory language is a question of law for the courts to decide. *Kaser v. Barker*, 811 N.E.2d 930, 932 (Ind. Ct.App.2004), *trans. denied.* Unless the construction of a statute is plainly repugnant to the intent of the legislature or the context of the statute, the words and phrases of the statute "shall be taken in their plain, or ordinary and usual sense." Ind.Code § 1-1-4-1. Among other things, the noun "act" is defined as "something done or performed." The American Heritage College Dictionary 12 (4th ed.2002). Indeed, "*Act* typically denotes the thing done, *action* the doing of it." *A Dictionary of Modern American Usage* 14 (1998) (emphasis in original). An act, as "the thing done," can be either "intentional" or "unintentional," "volitional" or "non-volitional."

Here, the State alleged and proved that Tosha's miscarriage was "the thing done." The State further showed that Clara's threat to commit a forcible felony was based upon the miscarriage. We cannot say the trial court erred as a matter of law.

### II. SENTENCING

■ Clara contends that the imposition of the advisory four-year sentence for a Class C felony is inappropriate.[1] Clara argues that he should have received less than the advisory sentence because his criminal record, which includes misdemeanor convictions for public intoxication and operating a motor vehicle without a license, is insignificant. He further argues

---

1. Ind.Code § 35-50-2-6 provides that a person who commits a Class C felony "shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years."

that there is no chance that the offense will recur and that he will respond well to probation or a community corrections program.

A sentence authorized by statute will not be revised unless the sentence is inappropriate in light of the nature of the offense and the character of the offender. Indiana Appellate Rule 7(B). We must not merely substitute our opinion for that of the trial court. *Sallee v. State,* 777 N.E.2d 1204, 1216 (Ind.Ct.App.2002), *trans. denied.* In determining the appropriateness of a sentence, a court of review may consider any factors appearing in the record. *Roney v. State,* 872 N.E.2d 192, 206 (Ind.Ct.App.2007), *trans. denied.* The "nature of the offense" portion of the appropriateness review concerns the advisory sentence for the class of crimes to which the offense belongs; therefore, the advisory sentence is the starting point in the appellate court's sentence review. *Anglemyer v. State,* 868 N.E.2d at 491. The "character of the offender" portion of the sentence review involves consideration of the aggravating and mitigating circumstances and general considerations. *Williams v. State,* 840 N.E.2d 433, 439–40 (Ind.Ct.App.2006).

With reference to the nature of the offense, we note that Clara's intimidation of Tosha occurred over a two-hour period and ended only after Tosha escaped and received assistance from third parties. The length of the intimidation, accompanied by the necessity of Tosha's frantic attempts to escape for the safety of both her and her child, is sufficient to merit the imposition of the advisory sentence.

With reference to the character of the offender, we note the irony that Clara threatened to kill the child he already had because he was angry that his wife lost another child by miscarriage. The threat directed to his child is part of the particu-

lar circumstances of the offense, and the threat increased the impact of the offense upon Tosha. The particular circumstances of the offense give us a picture of Clara's character, and the picture is not one that warrants the imposition of a lesser sentence. Clara's criminal history, while minimal, included a conviction for abuse of alcohol, which is the underlying cause of the present offense. There is nothing about Clara's character that warrants less than the advisory sentence.

Based upon the nature of the offense and Clara's character, we cannot conclude that the advisory sentence is inappropriate.

Affirmed.

FRIEDLANDER, J., and ROBB, J., concur.