**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 20 2013, 8:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STEVEN E. RIPSTRA**
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ADRIAN P. JERRELL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 63A01-1207-CR-326 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE PIKE CIRCUIT COURT
The Honorable Jeffrey L. Biesterveld, Judge
Cause No. 63C01-1111-FA-536

**March 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issues

Adrian P. Jerrell was convicted of two counts of child molesting, both Class A felonies, and two counts of sexual misconduct with a minor, both Class B felonies. He was sentenced to an aggregate seventy-year term of imprisonment. Jerrell now appeals, raising the following issues: 1) whether there was sufficient evidence to sustain his child molesting convictions; 2) whether the trial court erred when it allowed the State to cross-examine him during his allocution at sentencing; and 3) whether his sentence is inappropriate in light of the nature of the offenses and his character. Concluding there was sufficient evidence, allowing cross-examination at allocution was not fundamental error, and the sentence is not inappropriate, we affirm.

## Facts and Procedural History

The evidence most favorable to the judgment indicates that the victim, E.D., was ten or eleven years old when he met Jerrell through his church youth group. Jerrell supervised youth group activities, which included camping out in Jerrell's backyard. E.D. and Jerrell became good friends despite the twenty-five-year age difference between them. Jerrell would pick up E.D. from his grandfather's house and help him complete odd jobs in the community.

Jerrell introduced E.D. to sexuality six months to a year after they met. Jerrell showed pornographic videos to E.D. and the other youth group children while camping in his backyard. Further, Jerrell would show E.D. pornographic magazines while they were alone in his truck. The Truth or Dare games played by Jerrell led to him daring E.D. to show him his penis and to him showing E.D. his penis. This progressed to oral sex and later anal sex. E.D. testified that he was twelve or thirteen years old the first time oral

2

sex occurred and under fourteen the first time anal sex occurred. The molestation ended when E.D. became sixteen years old, obtained a driver's license, and no longer relied on Jerrell for rides. Several years later, E.D. told his father about what happened, who in turn reported it to the police.

Jerrell was charged with two counts of child molesting, both Class A felonies, and two counts of sexual misconduct with a minor, both Class B felonies. The jury returned a verdict of guilty on all four counts. During sentencing, Jerrell exercised his right of allocution and the State cross-examined him on his statement. The trial court sentenced Jerrell to concurrent fifty-year terms for the child molesting convictions to be served consecutively to concurrent twenty-year terms for the sexual misconduct convictions, for an aggregate seventy-year sentence. Jerrell now appeals. Additional facts will be provided as necessary.

Discussion and Decision

I.  Sufficiency of the Evidence

A.  Standard of Review

Our standard of review for sufficiency claims is well-settled. We do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the

conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

## B. Evidence of E.D.'s Age

Jerrell was convicted of two counts of child molesting under Indiana Code section 35-42-4-3(a), which provides: "[a] person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting . . . ." Deviate sexual conduct is defined, in part, by statute as "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person."[1] Ind. Code § 35-31.5-2-94. Jerrell contends that the evidence is insufficient to sustain his child molesting convictions because E.D.'s testimony was conflicting regarding whether the oral and anal sex started when he was under the age of fourteen.[2] We disagree.

The uncorroborated testimony of the victim is sufficient to sustain a conviction of child molesting. Feyka v. State, 972 N.E.2d 387, 393 (Ind. Ct. App. 2012), trans. denied. This is true even if there are inconsistencies in the victim's own testimony. Id. Here, E.D. testified that he was twelve or thirteen years old when Jerrell dared him to put his mouth on Jerrell's penis and that within a week, E.D. performed oral sex on Jerrell, and that they engaged in oral sex almost every time they were together. The jury heard E.D.'s testimony and had the opportunity to determine his credibility. We refuse to

---

[1] Count I alleged that Jerrell performed anal sex on E.D. when E.D. was under fourteen. Count II alleged that Jerrell performed oral sex on E.D. when E.D. was under fourteen.

[2] Jerrell's other convictions were for sexual misconduct with a minor, which is defined as performing or submitting to sexual intercourse or deviate sexual conduct "with a child at least fourteen (14) years of age but less than sixteen (16) years of age." Ind. Code § 35-42-4-9(a). Jerrell does not contend that the evidence was insufficient to establish the age of the victim for those convictions.

reweigh the evidence or assess witness credibility. E.D's testimony is sufficient to establish that he was under the age of fourteen when oral sex occurred.

E.D. also testified that he was younger than fourteen the first time Jerrell performed anal sex on him. Even though he later testified that he was "probably around fourteen (14) or fifteen (15)" when anal sex took place, Transcript at 70, we consider conflicting evidence most favorably to the trial court's ruling, Feyka, 972 N.E.2d at 392. The evidence most favorable to the trial court's judgment in this case is that E.D. was younger than fourteen when anal sex occurred. Because E.D. testified that he was younger than fourteen when oral and anal sex occurred, there was sufficient evidence establishing E.D.'s age to sustain Jerrell's convictions of child molesting. See Fajardo v. State, 859 N.E.2d 1201, 1209 (Ind. 2007) (finding sufficient evidence to sustain child molesting convictions because there was "clear, unequivocal testimony from the child that establishes the necessary elements of the charged offense," despite the fact that "equivocations, uncertainties, and inconsistencies" appeared in the testimony); Feyka, 972 N.E.2d at 393-94 (finding sufficient evidence to sustain child molesting convictions despite "the conflicting testimony and some inconsistencies in [the victim's] own statements").

## II. Allocution

Criminal defendants have the right to offer statements in their own behalf at sentencing; this is known as the "right of allocution." Biddinger v. State, 868 N.E.2d 407, 410 (Ind. 2007). The purpose of this right "is to give the trial court the opportunity to consider the facts and circumstances relevant to the sentencing of the defendant in the

case before it." Id. at 413 (quoting Ross v. State, 676 N.E.2d 339, 343 (Ind. 1996)). Our supreme court has held that a defendant should not be subject to cross-examination upon his or her statement in allocution. Id. at 413.

While it is concerning that the State asked to cross-examine Jerrell upon his statement in allocution and that the trial court allowed it do so, Jerrell did not object to the State's cross-examination at the hearing.[3] Thus, this issue has been waived unless the unpreserved error constituted fundamental error. Phelps v. State, 914 N.E.2d 283, 290 (Ind. Ct. App. 2009) (finding defendant waived his claim of error caused by the State's cross-examination during allocution because he did not object at the sentencing hearing and made no claim of fundamental error). Jerrell claims that allowing the cross-examination was fundamental error in this case. Fundamental error occurs only when the alleged error is a blatant violation of basic principles, the harm or potential for harm as a result of the error is substantial, and the resulting error denies the defendant fundamental due process.[4] Vermillion v. State, 978 N.E.2d 459, 463 (Ind. Ct. App. 2012). There was no fundamental error here.

When the defendant is given the opportunity to explain his views of the facts and circumstances, the purpose of the right of allocution has been satisfied. Biddinger, 868 N.E.2d at 413. Jerrell was given the opportunity to explain his view of the facts and circumstances of the case at sentencing. He read his statement in its entirety before the State began its cross-examination. Thus, the purpose of the right of allocution was

---

[3] Jerrell did make several objections during the cross-examination but those were on relevancy and other grounds. A specific objection is required to preserve an issue for appeal. See Riley v. State, 427 N.E.2d 1074, 1077 (Ind. 1981).

[4] While Jerrell correctly states that sentencing is a critical stage and claims that he was forced to "in effect testify before the sentencing fact-finder," Brief of Appellant at 6, he does not explain how the cross-examination violated his rights to fundamental due process.

accomplished.  See Pruitt v. State, 834 N.E.2d 90, 120 (Ind. 2005) (rejecting the defendant's argument that requiring his opportunity to speak take place at the close of his case at the penalty phase "allowed the state an opportunity to rebut his claims and this sequence thwarted the purpose of the statutory right to allocution," because the defendant "had an opportunity to speak on his own behalf" and his statutory right was therefore preserved), cert. denied, 548 U.S. 910 (2006).

Finally, Jerrell does not explain how his sentence would have changed had the State not been allowed to cross-examine him.  In Biddinger, the defendant was not allowed to read his statement in its entirety, and, yet, the court found that any error was harmless because defendant failed "to establish how the excluded portion of his statement would have made a difference in the sentence the trial court imposed."  868 N.E.2d at 412-13.  Here, unlike the defendant in Biddinger, Jerrell was given the opportunity to read his entire statement to the trial court.  But he has similarly failed to establish how his sentence may have changed had the State not been allowed to cross-examine him.  Thus, there was no fundamental error.

### III. Inappropriate Sentence

### A.  Standard of Review

This court has the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Ind. Appellate Rule 7(B).  The "nature of the offense" portion of inappropriate sentence review concerns the advisory sentence for the class of crimes to which the offense belongs; therefore, the advisory

sentence is the starting point in our sentence review. Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). The "character of the offender" portion of the sentence review involves consideration of the aggravating and mitigating circumstances and general considerations. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading this court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

### B. Nature of Jerrell's Offenses and Character

Jerrell was convicted of two Class A felonies and two Class B felonies. The sentencing range for a Class A felony is between twenty and fifty years imprisonment, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. The sentencing range for a Class B felony is between six and twenty years imprisonment, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. The trial court imposed an aggregate sentence of seventy years.[5]

Regarding the nature of his offenses, Jerrell was in a position of trust with the victim and, strategically and over time, befriended him and introduced him to sexuality.

---

[5] Jerrell argues that receiving the maximum sentence for each of his four convictions was inappropriate and that advisory sentences would have been "more appropriate." Br. of Appellant at 4. The inquiry, however, "is not whether another sentence is more appropriate; rather the question is whether the sentence imposed is inappropriate." King v. State, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008) (emphasis in original). In addition, even though the trial court ordered the maximum sentence for each of Jerrell's convictions, the Class A felony sentences are to run concurrent to each other and the Class B felony sentences are to run concurrent to each other. So, while the trial court could have ordered an aggregate sentence of one-hundred-and-forty years, it only sentenced Jerrell to an aggregate sentence of seventy years. For purposes of review, the length of the aggregate sentence is what matters. Cardwell, 895 N.E.2d at 1224.

He then repeatedly molested him over the course of several years. The trial court found that the harm suffered by the victim "was significant and above and beyond the normal for this type of offense." Corrected Appellant's Appendix at 124-25. The nature of his offenses therefore supports his maximum sentences. See Purvis v. State, 829 N.E.2d 572, 589 (Ind. Ct. App. 2005) (affirming a maximum sentence because "the repeat nature of the offense and the grooming and targeting of the victim place [the defendant's] crime in the same league as the worst sex offenses"), trans. denied, cert. denied, 547 U.S. 1026 (2006).

In regard to his character, Jerrell has, in addition to the convictions that are the subject of this opinion, one misdemeanor conviction of furnishing alcohol to a minor and ten counts of felony possession of child pornography. As the State points out, all of his convictions involved inappropriate conduct relating to minor children. Also, one of his previous convictions involved the same victim as this case. Jerrell's criminal history reflects poorly on his character. The trial court also found Jerrell's lack of candor in his statements made to the court to be an aggravating factor.[6] Finally, the pre-sentence investigation indicated that Jerrell was at a high risk to re-offend. Jerrell's character therefore provides further support for the appropriateness of his sentence.[7] For the

---

[6] Jerrell did not testify at trial. However, an audio recording of an interview conducted during the investigation was played at the trial. Further, Jerrell read a statement to the court during sentencing, as discussed in part II above.

[7] Jerrell points to Monroe v. State, 886 N.E.2d 578, 581 (Ind. 2008), and Harris v. State, 897 N.E.2d 927, 930 (Ind. 2008), as examples of cases in which there were "enough aggravators to support enhancing sentences, but not running them consecutively." Br. of Appellant at 15. However, both of those cases involved a situation in which the trial court had failed to explain how the aggravating factors supported consecutive sentences as it was required to do under the previous presumptive sentencing scheme it was governed by. See Monroe, 886 N.E.2d at 580; Harris, 897 N.E.2d at 929.

foregoing reasons, we conclude that Jerrell's sentence is not inappropriate in light of the nature of his offenses and his character.

Conclusion

There was sufficient evidence to support Jerrell's convictions for child molesting, the trial court did not commit fundamental error when it allowed the State to cross-examine Jerrell at allocution, and the seventy-year aggregate sentence he received is not inappropriate. We therefore affirm his convictions and sentence.

Affirmed.

FREIDLANDER, J., and CRONE, J., concur.