**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**STEVEN KNECHT**
Vonderheide & Knecht
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON J. KLINKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 08A05-1301-CR-26 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CARROLL SUPERIOR COURT
The Honorable Julian Ridlen, Special Judge
Cause No. 08D01-1206-FD-45

**July 8, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Jason J. Klinker appeals the trial court's sentence of three years for Class D felony escape. Klinker raises one issue on appeal: whether his sentence is inappropriate in light of his character and the nature of the offense. Concluding that his sentence is not inappropriate, we affirm.

## Facts and Procedural History

In 2010 Klinker pleaded guilty to battery by means of a deadly weapon as a Class C felony, fraud as a Class D felony, and theft as a Class D felony. He was sentenced to an aggregate term of eight years, with two years suspended. In January 2012, the court granted Klinker's motion for modification of placement, and Klinker was transferred to Carroll County Community Corrections. Carroll County Community Corrections placed Klinker in its home detention program, with Klinker signing a contract agreeing to abide by the program rules, standard rules of probation, and any other rules imposed by the court. One of the conditions in Klinker's placement was that he remain in the interior of his home unless he was given written permission to leave. Klinker left his residence several times in violation of the contract, and his home detention coordinator gave him a verbal warning and informed him that he could be charged with escape if he left his residence again without permission. In June 2012, Klinker's coordinator was on vacation for a week and while away received notifications that Klinker had left his residence. The notifications stated that Klinker left his residence on June 10 and returned on June 11; left on June 11 for five hours; left on June 12 for three hours; left on June 13 for seven hours; and left on June 14 and returned on June 17. Upon returning from vacation, Klinker's

coordinator spoke to Klinker, who did not indicate that he left his residence because of an emergency.

Klinker was charged with escape as a Class D felony on June 26, 2012. In October 2012, a jury trial was held, and Klinker was found guilty as charged. In December 2012 a sentencing hearing was held, and Klinker was sentenced to three years in the Department of Correction, and the court recommended placement in a substance abuse program. This appeal followed. Additional facts will be supplied as necessary.

<u>Discussion and Decision</u>

I. Standard of Review

We are empowered by Indiana Appellate Rule 7(B) to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade us that his sentence has met this inappropriateness standard of review. <u>Childress v. State</u>, 848 N.E.2d 1073, 1080 (Ind. 2006). When conducting this inquiry, we may look to any factors appearing in the record. <u>Roney v. State</u>, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), <u>trans. denied</u>. Our analysis of the "nature of the offense" portion of the appropriateness review begins with the advisory sentence. <u>Clara v. State</u>, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). The "character of the offender" portion of our review considers the aggravating and mitigating circumstances and general considerations. <u>Id.</u> At the end of the day, our determination will depend on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." <u>Cardwell v. State</u>, 895 N.E.2d 1219, 1224 (Ind. 2008).

3

## II. Appropriateness of Sentence

Klinker was convicted of escape as a Class D felony. The sentencing range for Class D felonies is six months to three years, with an advisory sentence of one and one half years. Ind. Code § 35-50-2-7. As to the nature of the offense, Klinker argues that "[t]his is far from the worst offense of its kind," and therefore he should not have been sentenced to the maximum allowed sentence. Brief of Appellant at 11. While the maximum possible sentences are generally appropriate for the worst offenders, Evans v. State, 725 N.E.2d 850, 851 (Ind. 2000), if we were to take that language literally, we would reserve the maximum punishment for only the single most heinous offense, Brown v. State, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), trans. denied. Instead, we should focus less on comparing the facts of this case to others, and more on the nature, extent, and depravity of the offense for which the defendant is being sentenced. Brown, 760 N.E.2d at 247. Here, Klinker had signed a contract and was well aware of the limits of his home detention program. Moreover, Klinker violated his agreement previously and had been subject to a verbal warning. Klinker then again violated the agreement and left his residence multiple times for periods between several hours and several days. We cannot say that the nature of his offense did not warrant an aggravated sentence.

As to Klinker's character, Klinker has a significant criminal history, beginning as a juvenile and continuing into adulthood with the offenses underlying his placement on home detention. Klinker admits to his drug addiction, and previous attempts at treatment appear to have been unsuccessful. The bulk of Klinker's reasons for modification revolve around things he wants to do in the future, such as be involved with his child and earn a living. However, none of this tells us why this current sentence is inappropriate.

4

He can still do those things when he is released.  In sum, Klinker has not met his burden of persuading us that his sentence is inappropriate.

Conclusion

Concluding that Klinker's sentence is not inappropriate, we affirm.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.