## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 04 2015, 8:39 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Gregory L. Fumarolo
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marcus Jovan Lindsey, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 4, 2015 <br><br> Court of Appeals Case No. 02A03-1503-CR-95 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Wendy W. Davis, Judge <br><br> Trial Court Cause No. 02D04-1409-F5-46 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a guilty plea, Marcus Lindsey was convicted of assisting a criminal, a Level 5 felony. The trial court sentenced Lindsey to four years executed in the Indiana Department of Correction. Lindsey appeals his sentence, raising the sole issue of whether his sentence is inappropriate in light of the nature of the offense and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] This case arises from the murder of John D. Holman on the evening of September 8, 2014. The probable cause affidavit reflects that on the night in question, Lindsey, Charles Benson, and Marcus Thomas were traveling on Eby Avenue in Fort Wayne, Indiana, in a black Chevrolet Tahoe driven by Thomas. They passed Holman, whom Thomas had put a "Hit" on prior to this incident. Appendix of Appellant at 10. Thomas placed a "Hit" on Holman in retaliation for a fight in a bar the night before. *Id*. The men also believed Holman was responsible for breaking into Thomas's residence and stealing money and drugs. Shortly after passing Holman's vehicle, Thomas stopped the Tahoe and began shooting at Holman's vehicle. Benson exited the Tahoe and also began shooting at Holman's vehicle. Benson then ran up to the driver's side window and shot "point blank" at Holman. *Id*. Lindsey denied shooting at Holman or his vehicle.

[3]     After the shooting, Lindsey and Benson drove the Tahoe to a local park and cleaned the interior of the vehicle with rags and bleach. Lindsey then drove the Tahoe to a nearby lot where he and Benson asked a friend to remove property from the vehicle, including two handguns and a longer firearm, and to give them a ride. Benson became irate after receiving a text message that Holman was still in critical condition and had not yet died. Benson stated to his friend that he "unloaded" on Holman and watched his legs twitch as he shot him. *Id*. Holman died later that evening from the gunshot wounds.

[4]     The State charged Lindsey with assisting a criminal for harboring, concealing, or otherwise assisting a person who has committed a crime, with the intent to hinder the apprehension or punishment of that person. Ind. Code § 35-44.1-2-5(a). Assisting a criminal is a Level 5 felony if the person assisted has committed murder. Ind. Code § 35-44.1-2-5(a)(2). Lindsey entered a plea of guilty to assisting a criminal, as charged, without the benefit of a plea agreement. At sentencing, the trial court found as mitigating factors Lindsey's remorse, apology to Holman's family, and the fact Lindsey pleaded guilty. The trial court found as aggravating factors Lindsey's criminal history, which included three adjudications as a juvenile and two misdemeanor convictions as an adult, and the nature and circumstances of the crime as reflected in the probable cause affidavit. The trial court sentenced Lindsey to four years executed in the Department of Correction.

# Discussion and Decision

Lindsey contends his sentence is inappropriate in light of the nature of the offense and his character. Indiana Rule of Appellate Procedure 7(B) gives appellate courts the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal role of Appellate Rule 7(B) review is to "leaven the outliers," not to determine the "correct" sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015) (quotation omitted). The question is not whether another sentence is more appropriate; the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The appellant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

With regard to the "nature of the offense" portion of our review, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. Lindsey was convicted of assisting a criminal for assisting Benson with the intent to hinder his apprehension or punishment. Generally, assisting a criminal is a Class A misdemeanor;

however, if the person assisted has committed murder, the offense is elevated to a Level 5 felony. Ind. Code § 35-44.1-2-5(a)(2). The statutory sentencing range for a Level 5 felony is one to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). The trial court imposed a sentence of four years executed in the Department of Correction.

[7] "The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation in it." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Here, our review of the nature of the offense reveals that Lindsey's actions were not simply "limited to the wiping down of a vehicle after the murder occurred," as he argues. Brief of Appellant at 13. Lindsey did not first appear on the scene after the murder occurred; the probable cause affidavit lists Lindsey as an individual in the Tahoe when the murder occurred. Furthermore, there is no evidence that Lindsey attempted to dissuade his friends from the violence. After the shooting, instead of calling the police or attempting to help Holman, Lindsey helped his associates wipe down and clean the vehicle to destroy evidence and hinder a murder investigation. After he helped Benson eliminate evidence, Lindsey asked a friend to remove property from the Tahoe, including three weapons. This demonstrates a disregard for the law and a threat to the safety of the community. We cannot say his four-year sentence is inappropriate in light of the nature of his offense.

[8] The "character of the offender" analysis involves evaluation of the relevant aggravating and mitigating circumstances and other general considerations.

*Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). At the sentencing hearing, the trial court found Lindsey's "juvenile and adult criminal record with failed efforts at rehabilitation" as an aggravating factor. Sentencing Hearing Transcript at 19. Although this is Lindsey's first felony conviction, his criminal record begins at the age of twelve and spans a period of thirteen years. His criminal history consists of three juvenile adjudications and two misdemeanor convictions as an adult. Furthermore, these adjudications and convictions are accompanied by failed efforts at rehabilitation, as noted by the trial court. The presentence investigation report reveals at least one instance in which Lindsey's probation was extended, and another in which his probation was revoked. Lindsey has been provided numerous opportunities to comply with the law and has squandered those opportunities. Lindsey's criminal history cannot be ignored. But to the extent Lindsey's criminal history reflects poorly on his character, this is offset by his guilty plea and remorse, as acknowledged by the trial court. Accordingly, our assessment of Lindsey's character is neutral at best and does not justify a revision of his sentence.

[9] Finally, Lindsey argues even if the length of the sentence is appropriate, his placement at the Department of Correction for four years is inappropriate. Under Appellate Rule 7(B), "[t]he place that a sentence is to be served is an appropriate focus for application of our review and revise authority." *Biddinger v. State*, 868 N.E.2d 407, 414 (Ind. 2007). But the burden is on the defendant to persuade the court the location is inappropriate. *Id.* Here, Lindsey offers several alternatives that the trial court could have imposed instead of a four-

year executed sentence; however, he adds nothing to support why he should be granted one of these alternatives. Moreover, Lindsey has not demonstrated he can comply with the terms of a more lenient placement. Lindsey fails to persuade us that placement in the Department of Correction is inappropriate.

## Conclusion

[10] After due consideration of the trial court's decision and our own assessment of the nature of Lindsey's offense and his character, we cannot say that Lindsey's sentence is inappropriate.

[11] Affirmed.

Vaidik, C.J., and Pyle, J., concur.