## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 08 2016, 8:42 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Daniel Dixon
Lawrence County
Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesse B. Craig,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

March 8, 2016

Court of Appeals Case No.
47A01-1508-CR-1113

Appeal from the Lawrence
Superior Court

The Honorable Michael A.
Robbins, Judge

Trial Court Cause No.
47D01-1409-F6-1238

**Mathias, Judge.**

[1] Jesse Craig ("Craig") was convicted in Lawrence Superior Court of Level 6 felony escape and pleaded guilty to being a habitual offender. Craig was

ordered to serve an aggregate eight-and-one-half-year sentence in the Department of Correction. Craig appeals and argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

We affirm but remand for proceedings consistent with this opinion.

**Facts and Procedural History**

On September 16, 2014, Lawrence Superior Court ordered Craig to pre-trial house arrest with electronic monitoring after the State charged him with Level 6 felony domestic battery. Around 1:15 p.m. that same day, Craig met with Director of Community Corrections, Chad Shew ("Director Shew"). Director Shew explained the terms and conditions for participation in the home detention program with Craig. Specifically, Director Shew highlighted Rule 14, which explained that if Craig left or failed to return to his residence without permission from Community Corrections that he would be considered an absconder and could be charged with the crime of escape.

Craig initialed and signed the Home Detention Participant Conditions and Agreement. Craig also provided Director Shew with an address on Johnson Lane in Bedford, Indiana for purposes of home detention. Director Shew then placed an electronic monitoring bracelet on Craig and instructed him to go home immediately to await officers, who would set up the electronic monitoring equipment. Around 4:30 p.m., Officers Emily Riggs ("Officer Riggs") and Bryce Bolton ("Officer Bolton") arrived at the Johnson Lane

residence to activate the bracelet and install the home detention equipment. Craig was not present at the home. Officers Riggs and Bolton drove around the area attempting to locate Craig but could not find him. Officer Riggs then notified Director Shew that the electronic monitoring system was not set up because Craig was not at the Johnson Lane residence. Based on this information, Director Shew obtained an arrest warrant for Craig.

Over a month later, on October 31, 2014, the Bedford Police Department received a tip concerning Craig's location. Officers reported to an apartment located on Hillcrest Road in Bedford, Indiana and inquired about Craig. A woman answered the door and directed the officers upstairs, where they found Craig hiding under a mattress. Craig was still wearing his un-activated electronic monitoring bracelet at the time of arrest.

The State charged Craig with Level 6 felony escape on September 19, 2014, and added a habitual offender violation on April 13, 2015. A jury trial was held on June 17, 2015. The jury convicted Craig of Level 6 felony escape, and Craig pleaded guilty to the habitual offender enhancement. The court ordered Craig to serve consecutive sentences of two-and-one-half years for the Level 6 felony and six years for being a habitual offender. Craig now appeals.

## Discussion

Craig argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Under Indiana Appellate Rule 7(B):

> [We] may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.

When reviewing a sentence, our principal role is to "leaven the outliers" rather than necessarily achieve what is perceived as the "correct" result. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (citing *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind. 1996)). Therefore, the defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[8] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed in assessing the nature of the offense. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007). The "character of the offender" portion of the sentence involves consideration of the aggravating and mitigating circumstances and general considerations. *Clara v. State*, 899 N.E.2d 733, 735 (Ind. Ct. App. 2009).

[9] Craig was convicted of Level 6 felony escape and of being a habitual offender. The sentencing range for a Level 6 felony is between six months and two-and-

one-half years, with the advisory sentence being one year. *See* Ind. Code § 35-50-2-7(b). The sentencing range for a habitual offender convicted of Level 6 felony is between two years and six years. *See* Ind. Code § 35-50-2-8(i)(2). The trial court imposed a consecutive sentence of two-and-one-half years for Level 6 felony escape and six years for the habitual offender enhancement.

[10] Concerning the nature of the offense, Director Shew instructed Craig to return immediately home after the meeting so that the officers could set up the electronic monitoring system. Craig also signed the Home Detention Participant Conditions and Agreement in which the rule about not being present at home could result in being charged with Level 6 felony escape was highlighted. Further, Director Shew placed an electronic monitoring bracelet on Craig's leg.

[11] Craig knew that he was supposed to return to the Johnson Lane address to begin home detention. Instead, Craig disregarded the agreement he had just signed and hid from Community Corrections and the police for over a month before he was found and arrested at a different address in Bedford.

[12] At the sentencing hearing, the trial court determined that Craig had a significant criminal history, with eleven prior felony convictions, and that Craig had previously violated terms and conditions of probation, parole, community correction, or pre-trial release. It was clear to the trial court and is likewise clear to us that Craig has not learned from his criminal past and his prior encounters with the justice system. We accord considerable deference to the trial court's

sentencing discretion and conclude that the court's imposition of a maximum aggregate eight-and-one-half-year sentence was not inappropriate in light of the nature of the offense and the character of the offender.

[13] However, as the State addressed in its brief, the trial court incorrectly entered a separate six-year sentence for the habitual offender conviction to be served consecutive to the two-and-one half-year sentence for Level 6 felony escape. It is well settled that a habitual offender finding does not constitute a separate crime, nor does it result in a separate sentence. *See* Ind. Code § 35-50-2-8. Rather, a habitual offender finding results in a sentence enhancement imposed upon the conviction of a subsequent felony. *Harris v. State*, 964 N.E.2d 920, 927 (Ind. Ct. App. 2012) (citing *Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2011)), *trans. denied*. We therefore remand to the trial court for correction of the sentencing order, so that it reflects the six-year habitual offender sentence serves as an enhancement of the two-and-one-half year Level 6 felony escape sentence.

[14] Affirmed and remanded for proceedings consistent with this opinion.

Kirsch, J., and Brown, J., concur.