## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 17 2017, 9:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paul E. Wilson, *Appellant-Defendant,* | November 17, 2017 |
| | Court of Appeals Case No. 84A01-1703-CR-742 |
| v. | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Michael Rader, Judge |
| | Trial Court Cause Nos. 84D05-1402-FD-338 84D05-1508-F5-1798 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a guilty plea, Paul Wilson was convicted of resisting law enforcement, a Class D felony; operating a vehicle while intoxicated, a Class A misdemeanor; and failing to return to lawful detention, a Level 6 felony. Williams was sentenced to an aggregate term of five and one-half years. He now appeals, raising for our review the sole issue of whether his sentence is inappropriate in light of his character and the nature of his offense. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] While operating his vehicle, Wilson failed to obey a stop sign at an intersection. After observing the traffic infraction, Officer Philip Ralston of the Terre Haute Police Department activated his overhead lights and attempted to perform a traffic stop. As Officer Ralston exited his vehicle, Wilson drove away at a high rate of speed and turned onto a side street. Officer Ralston activated his siren and engaged in a pursuit.

[3] Wilson turned sharply around a street corner, nearly hitting the vehicle of another motorist. Wilson continued driving, entering a parking lot, crossing an alleyway, and entering a yard before his path was blocked by a fence. Wilson then exited his vehicle and fled on foot.

[4] At this time, several nearby citizens began chasing Wilson, eventually tackling him to the ground. Wilson then removed a small handgun from his pocket,

pointed it at the civilians and warned them to back away. The police then caught up to Wilson and placed him in handcuffs.

[5] While in police custody, Wilson initially identified himself by a false name and appeared intoxicated due to his dilated pupils and erratic behavior. When officers requested consent for a preliminary breath test, he refused. After Wilson's arrest, an inventory search of his vehicle revealed a stolen license plate connected to another crime.

[6] The State charged Wilson with resisting law enforcement, a Class D felony; receiving stolen property, a Class D felony; two counts of pointing a firearm at another person, Class D felonies; operating a vehicle while intoxicated endangering a person, a Class A misdemeanor; and operating while intoxicated, a Class A misdemeanor ("Cause 338").[1]

[7] Wilson was transferred from the Vigo County Jail to the Vigo County Community Corrections Work Release Program for pre-trial supervision. Soon after this transfer, Wilson was granted permission to temporarily leave the work-release facility and seek medical attention at Union Hospital. Wilson failed to return to detention after treatment and absconded from the State of Indiana. Wilson was later extradited from the State of Louisiana. Consequently, Wilson was charged with failure to return to lawful detention, a

---

[1] The incident precipitating these charges occurred in February 2014, prior to significant revisions to the criminal code that became effective in July 2014.

Level 6 felony; and escape from lawful detention, a Level 5 felony ("Cause 1798").

[8] Wilson pleaded guilty to resisting law enforcement and operating a vehicle while intoxicated under Cause 338 and failure to return to lawful detention under Cause 1798. The State dismissed the remaining charges.

[9] The trial court sentenced Wilson to three years for resisting law enforcement, to be served concurrently with one year for operating a vehicle while intoxicated in Cause 338. Wilson was also sentenced to two and one-half years for failing to return to lawful detention in Cause 1798, to be served consecutively to the sentence in Cause 338. Wilson's aggregate sentence totals five and one-half years. He now appeals.

# Discussion and Decision

## I. Standard of Review

[10] Indiana Appellate Rule 7(B) provides, "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading the Court his sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006). When conducting this inquiry, the court may consider any factors appearing in the record. *Kemp v. State*, 887 N.E.2d 102, 104-05 (Ind. Ct. App. 2008), *trans denied*. Our analysis of the "nature of the

offense" portion of the appropriateness review begins with the advisory sentence. *Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Our review of the "character of the offender" considers the aggravating and mitigating circumstances. *Id.* When reviewing a sentence for appropriateness, the Court's determination will depend on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008).

# II. Inappropriate Sentence

## A. Nature of the Offense

The advisory sentence is the starting point selected by the legislature as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Wilson was convicted of resisting law enforcement, a Class D felony, and failing to return to lawful detention, a Level 6 felony. Indiana Code section 35-50-2-7 states:

> (a) A person who commits a Class D felony . . . shall be imprisoned for a fixed term of between six (6) months and three (3) years, with the advisory sentence being one and one-half years (1 1/2) years.

> (b) A person who commits a Level 6 felony . . . shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 1/2) years, with the advisory sentence being one (1) year.

Here, the trial court sentenced Wilson to the maximum sentence of three years for the Class D felony resisting law enforcement conviction to be served consecutively to the maximum two and one-half year sentence for the Level 6 failing to return to lawful detention conviction, for an aggregate sentence of five and one-half years.[2]

[12] We conclude the nature of the offense supports the sentence imposed. Wilson endangered the community by driving while intoxicated, leading the police on a high-speed chase, and then aiming his handgun toward several citizens who had tried to intercede until the police could arrive. He absconded from lawful detention in the State of Indiana while awaiting trial and had to be extradited. Further, Wilson gave a false name and possessed stolen property in his vehicle, neither of which were pursued by the State in light of Wilson's guilty plea.

[13] Although Wilson received the maximum sentence for each of his three convictions, he mitigated his sentencing exposure by pleading guilty to a fraction of the charges against him. Nothing about the nature of Wilson's offenses suggests his sentence is inappropriate.

## B. Character of the Offender

[14] As to Wilson's character, his criminal history includes four prior felony convictions as an adult and three prior misdemeanors. Wilson has prior felony

---

[2] Wilson was also convicted of operating a vehicle while intoxicated, a Class A misdemeanor, which carries a possible sentence of not more than one year. Ind. Code § 35-50-3-2. He was sentenced to one year for that conviction, to be served concurrently with the resisting law enforcement sentence.

convictions for failing to return to lawful detention and prior misdemeanor offenses for operating a vehicle while intoxicated and resisting law enforcement. These prior convictions are directly relevant to his current convictions and demonstrate Wilson is either unwilling or unable to abide by the law. *See Harris v. State*, 897 N.E.2d 927, 930 (Ind. 2008) (noting the significance of a defendant's criminal history varies based upon the gravity, nature, and number of prior offenses in relation to the current offense). Wilson's history of absconding from lawful detention warrants an executed sentence, as he has abused the leniency extended to him in the past.

[15] Wilson does have a history of mental health and substance abuse issues, but it was considered by the trial court in crafting his sentence. The trial court recommended Wilson be placed in purposeful incarceration, specifically the PLUS program,[3] noting that program was not available in county facilities; stated it would consider a sentence modification if Wilson successfully completes the PLUS program; and recommended the Department of Correction ensure Wilson continues to get his prescribed medications. Nonetheless, Wilson's criminal history and demonstrated disregard for the law and the leniency he has previously been extended reflect poorly on his character.

---

[3] According to the Department of Correction website, the PLUS ("Purposeful Living Units Serve") Program is a faith and character-based re-entry program that "focuses on strengthening spiritual, moral, and character development as well as life-skills." https://www.in.gov/idoc/2356.htm (last visited October 30, 2017).

# Conclusion

[16] Wilson has failed to meet his burden of persuading us that his five and one-half year sentence at the Department of Correction is inappropriate in light of the nature of his offense and his character. We therefore affirm his sentence.

[17] Affirmed.

Riley, J., and Pyle, J., concur.