## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 26 2018, 6:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Shawn R. Dotson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 26, 2018

Court of Appeals Case No. 28A04-1710-CR-2314

Appeal from the Greene Circuit Court

The Honorable Erik C. Allen, Judge

Trial Court Cause No. 28C01-1611-F1-1

**Robb, Judge.**

# Case Summary and Issue

[1] Shawn Dotson pleaded guilty to aggravated battery, a Level 3 felony, and the trial court sentenced him to fourteen years in the Indiana Department of Correction. Dotson raises one issue on appeal: whether his sentence is inappropriate in light of the nature of his offense and his character. Concluding his sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On November 24, 2016, Dotson called 911 and reported his friend, Eric Townsend, was in the street bleeding from a gunshot wound to the neck. Dotson claimed he happened to come across Townsend as he was driving. Dotson's passenger, Lena Woodall, confirmed his story.

[3] After interviewing Townsend, law enforcement discovered Dotson and Woodall had not told the truth. Townsend told the police he and Dotson had an argument earlier in the day over damage Dotson caused to a trailer hitch. That night, Townsend pulled alongside Dotson's truck and attempted to get Dotson to stop his vehicle. After Dotson did not stop, Townsend cut in front of him and forced him to stop his truck. Dotson exited his vehicle and fired a gun, striking Townsend in the neck. Dotson then attempted to aid Townsend by calling 911 and bringing him to a local gas station where Dotson discarded his

weapon.[1]  A second interview with Woodall confirmed Townsend's version of the events.

[4]  The State charged Dotson with attempted murder, a Level 1 felony; aggravated battery, a Level 3 felony; and battery by means of a deadly weapon, a Level 5 felony.  Dotson entered into a plea agreement with the State whereby he agreed to plead guilty to aggravated battery, a Level 3 felony, in exchange for the State's dismissal of the remaining charges.  The plea agreement left sentencing to the discretion of the trial court.  At the sentencing hearing, the trial court sentenced Dotson to fourteen years in the Indiana Department of Correction.  Dotson now appeals.

# Discussion and Decision

## I.  Standard of Review

[5]  Indiana Appellate Rule 7(B) provides, "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  The defendant bears the burden of persuading the Court his sentence is inappropriate.  *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).  When conducting this inquiry, the court may consider any factors appearing in the record.  *Kemp v. State*, 887 N.E.2d 102,

---

[1] The weapon was later recovered by the police.

104-05 (Ind. Ct. App. 2008), *trans denied*. Our analysis of the "nature of the offense" portion of the inappropriateness review begins with the advisory sentence. *Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Our review of the "character of the offender" considers the aggravating and mitigating circumstances. *Id.* When reviewing a sentence for inappropriateness, the Court's determination will depend on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

## II. Inappropriate Sentence

[6]     The advisory sentence is the starting point selected by the legislature as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Dotson pleaded guilty to aggravated battery, a Level 3 felony. The sentencing range for a Level 3 felony is from three to sixteen years, with the advisory sentence being nine years. Ind. Code § 35-50-2-5(b). Here, the trial court sentenced Dotson to five years above the advisory sentence.

[7]     As to the nature of the offenses, we note nothing exceptional about the facts or circumstances. A "person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death" commits aggravated battery. Ind. Code § 35-42-2-1.5. Following a dispute and reckless driving on the part of Townsend, Dotson exited his vehicle and fired a weapon striking Townsend in

the neck. We find nothing particularly egregious about his act that is not already accounted for by the aggravated battery statute.

[8] However, as to his character, Dotson has an extensive criminal history with prior assault, battery, and firearms offenses. *See Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017) (noting the significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense), *trans. denied*. Dotson has eleven prior convictions in three states for being a felon in possession of a firearm, possession of a firearm not registered in the national firearms registration system, sexual assault, operating while intoxicated, criminal recklessness, domestic battery, burglary, and grand larceny. Dotson's criminal history speaks volumes about his character.

[9] Further, Dotson attempted to cover up his crime by lying to the police and hiding his weapon. Although he points to the fact he called 911 and administered aid to Townsend, these acts are negated by Dotson's attempt to cover up the crime and the fact he was the reason Townsend needed aid in the first place. In sum, nothing about Dotson's character renders his fourteen-year executed sentence inappropriate.

# Conclusion

[10] We conclude Dotson's sentence is not inappropriate. Accordingly, we affirm the sentence imposed by the trial court.

[11] Affirmed.

Crone, J., and Bradford, J., concur.