## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2019, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arron Andre Waldeck,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | November 13, 2019<br><br>Court of Appeals Case No.<br>19A-CR-869<br><br>Appeal from the Henry Circuit<br>Court<br><br>The Honorable Bob A. Witham,<br>Judge<br><br>Trial Court Cause No.<br>33C01-1702-F5-8 |

**May, Judge.**

[1] Arron Andre Waldeck appeals her four-year sentence for Level 5 felony operating a motor vehicle after forfeiture of license for life.[1] She argues her sentence is inappropriate in light of her character and the nature of her offense. We affirm.

# Facts and Procedural History

[2] On February 17, 2017, police clocked a car going 93 miles per hour in a 70 miles per hour zone in Henry County around mile marker 118.5 on Interstate 70. After weaving through traffic to attempt to evade capture, Waldeck stopped on the shoulder of the road. The police officer did not see her stop but recognized the car as he passed it. He then proceeded to the nearest median to turn around. By the time police returned to the place where Waldeck had parked, she had moved her car and was driving along the emergency shoulder at 65 miles per hour. The police were able to catch up with her around mile marker 123, and they pulled her over on the exit ramp for SR30. Waldeck supplied a fake name to an Indiana State Police Trooper. Because Waldeck was driving with a lifetime-suspended license, police arrested her. The State charged her with Level 5 felony operating a vehicle with a lifetime suspension

---

[1] Ind. Code § 9-30-10-17(a)(1).

and Class C misdemeanor refusal to identify self,[2] and she was cited for a speeding infraction.

[3] Waldeck and the State entered a plea agreement whereby Waldeck would plead guilty to the Level 5 felony charge and the State would dismiss the other allegations and not advocate for a sentence longer than four years. At her sentencing hearing, Waldeck argued she should be able to serve any executed time on home detention. The court imposed a four-year sentence to be served in the Indiana Department of Correction.

# Discussion and Decision

[4] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). Our review is deferential to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012), *reh'g denied*. We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The appellant bears the burden of demonstrating the sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

---

[2] Ind. Code § 34-28-5-3.5.

[5]     When considering the nature of the offense, our review of appropriateness starts with the advisory sentence. *Clara v. State*, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). A Level 5 felony conviction of operating a motor vehicle after forfeiture of license for life carries a sentence between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-2-6(b). The trial court imposed a four-year sentence, which is closer to the advisory than the maximum sentence.

[6]     Waldeck contends her offense was minor and non-violent in nature. However, Waldeck was not simply driving with a forfeited license. The police radar indicated that Waldeck was driving at 93mph in a 70mph zone. She was also weaving in and out of traffic trying to avoid capture, and at some points she was driving upwards of 65mph on the shoulder of the highway. We see nothing inappropriate about a four-year sentence for Waldeck's crime. *See, e.g.*, *Reis v. State*, 88 N.E.3d 1099, 1101 (Ind. Ct. App. 2017) (five-year sentence for operating a vehicle after forfeiture of driving privileges not inappropriate given "egregious nature" of defendant's offense when defendant fell asleep with his vehicle obstructing two lanes of traffic).

[7]     We next turn to examination of Waldeck's character, for which she claims a four-year sentence is inappropriate. A determination of character is based on the life and conduct of an offender. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Criminal history plays a relevant role in this process, and the weight given to a defendant's criminal history varies depending on the nature, number, and severity of the past offenses. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007).

[8] A quick perusal of Waldeck's lengthy list of driving infractions demonstrates a definite and well-established pattern of disrespect for our traffic laws. Within the last ten years, Waldeck has amassed eight violations for failure to provide insurance, two charges of driving while suspended, six speeding tickets, three seatbelt violations, two convictions of operating while intoxicated, and numerous citations for other traffic violations. (App. Vol. II at 58-61.)

[9] In addition, Waldeck's criminal history demonstrates her disregard of the law. Her record shows involvement in the criminal justice system for over a decade. (*Id*. at 61.) Her convictions include one felony and one misdemeanor. She has served two terms of probation and violated the terms of probation both times. Waldeck has also served two terms in community corrections, but she has never completed a non-executed sentence without violation, as she violated probation three times and home detention twice. (*Id*. at 58-59.) Waldeck's continued commission of driving offenses resulted in her license being taken away as a habitual offender, and yet she still chose to continue driving.

[10] Waldeck claims her sentence is inappropriate because she "had stable housing, was employed full-time and attending school full-time, and was exercising regular parenting time," (Br. of Appellant at 8), and because she had provided information to the police on an unrelated case. However, all of those facts were based on Waldeck's own testimony, which the trial court was not required to find credible. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004) ("factfinders are not required to believe a witness's testimony even when it is uncontradicted"). Furthermore, in light of Waldeck's driving record and

criminal history, we cannot say those facts render Waldeck's sentence inappropriate based on her character. *See Perry v. State*, 78 N.E.3d 1, 13 (Ind. Ct. App. 2017) (sentence not inappropriate based on Perry's criminal history and lack of remorse).

# Conclusion

[11] Waldeck's four-year sentence for Level 5 felony operating a motor vehicle after forfeiture of license for life is not inappropriate based on the nature of the offense and Waldeck's character. The trial court's sentence is affirmed.

[12] Affirmed.

Najam, J., and Bailey, J., concur.